Nott, J.,
delivered the opinion of the court:
This is an action brought to recover the proceeds in the Treasury of one hundred and eighteen bales of cotton captured at Savannah. The proceeds are alleged to be $31,212.40.
The sale of this cotton to the claimant took place in Savannah, on the 15th December, 1SC4. The price paid was $15,000 in Confederate money, with an understanding that if the cotton should be saved, the vendee would pay something in addition. This additional payment was to be left entirely to'the honor of the vendee. Cotton was then selling at $1.25 a pound, a price which would haATe yielded for these one hundred and eighteen bales upward of $68,000. The intent of the parties in buying and selling at less than one-fourth the market value of the cotton seems not to have been to evade its lawful capture in the-hands of a disloyal owner by the approaching army of the United States. The loss feared and expected was its destruction by the Confederate authorities ere they evacuated the city. I-Ience the agreement, that if the cotton should be lost, nothing more was to be paid; if saved, it was to be a matter of hon- or with the purchaser. Possession of the cotton at the same time passed by the delivery of the warehouse receipt.
So far as previous decisions of this court are in point, it Avas held in Gorstman's Case, (3 C. Ols. lb, p. 233,) that where the sale Avas only three days before the capture of the city, at an unusual hour for the transaction of business, and both parties aware of the impending capture, the purchase was in fraud of the act, and the transaction void. In Pollard’s Case, (4. C. Cls. It., p. 338,) where the sale Avas complete on the 12th December, it Avas held A-alid, because at the time it Avas expected that the army of Sherman would debouch about Beaufort. In Wayne's Case, (ibid.,p. 420,) Avhere the sale was on the 10th December, if aatis held A'alkl because of the honesty of the transaction, and the- *543 absence of any intent, in fact-, to evade tbe statute or elude tlie capture.
But all of these decisions rested upon the settled doctrine of this court, that, by capture, under the Abandoned or captured ■property act, the title of the property passed and became complete and indefeasible in the United States. That doctrine the Supreme Court has overthrown by the recent decision in Klein’s Case, and, on the contrary, has held that “ the property of the original owner is in no case absolutely divestedP
It follows that if the Government acquired no rights by capture, and at the most the mere duty of holding, guarding, and disposing of a fund in which it has no legal interest, then the ealous care which this court extended to the supposed rights of the Government in property liable to capture was erroneous, and the earlier decisions do not apply to any transaction which, as between the parties themselves, would pass the title.
In this case the transaction is not disaffirmed by the contracting parties ; the consideration, though inadequate, was valid; the property passed by delivery, made through the transfer of the warehouse receipt, and we cannot say that the purchaser is not the owner.
The seizure of the cotton does not seem to be in dispute, and appears on both of the registration books.
The j udgment of the court is, that the claimant recover the proceeds in the Treasury of one hundred and eighteen bales of upland cotton, captured at Savannah, being $175.33 a bale, amounting in the aggregate to $20,68S.94.